UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE A. BROOKS; BROOKS INDUSTRIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> MOTSENBOCKER ADVANCED DEVELOPMENTS, INC.; GREGG A. MOTSENBOCKER; SKIP A. MOTSENBOCKER, <br><br> Defendants. | Civil No. 07cv773 BTM (NLS) <br><br> **ORDER:** <br><br> **(1) DENYING IN PART PLAINTIFF'S MOTION TO COMPEL;** <br><br> **(2) DENYING REQUEST TO IMPOSE SANCTIONS; and** <br><br> **(3) DENYING WITHOUT PREJUDICE MOTION TO ENTER PROTECTIVE ORDER** <br><br> [Doc. No. 29] |

George Brooks and Brooks Industries, Inc. ("Plaintiffs") have filed a motion to compel Motsenbocker Advanced Developments, Inc. ("MAD"), Gregg Motsenbocker and Skip Motsenbocker (collectively, "Defendants") to provide initial disclosures as required by Federal Rule of Civil Procedure 26(a)(1) and this Court's June 27, 2007 Order setting Rule 26 compliance deadlines. Plaintiffs also request sanctions and move for a protective order. Defendants oppose, arguing that they did provide initial disclosures and that the motion to compel, request for sanctions and motion for protective order are premature. For the following reasons, the Court **DENIES in part** the motion to compel, **DENIES** the request for sanctions and **DENIES without prejudice** the motion for protective order.

**Defendants' Initial Disclosures.**

Plaintiffs' lead counsel, Michael Trevelline of Washington D.C., filed Plaintiffs' moving papers

and asserted that Defendants failed to make any initial disclosures. Mem. Ps.&As. p.5, ll.2-3. Defendants, however, clarified that they in fact sent their initial disclosures to Plaintiffs' local counsel, Peter Shenas, on August 1, 2007, and that since August 1 Defendants' documents have been available for Plaintiffs to copy. In reply, Plaintiffs argue that Defendants' initial disclosures were woefully inadequate as they fail to address several key issues in the complaint.

Trevelline said that because Defendants failed to provide meaningful initial disclosures, on August 16, 2007 Plaintiffs sent requests for production and interrogatories that included requests for the same information that should have been provided in the initial disclosures. Defendants did not respond to the discovery. Trevelline then explained that on August 24 and September 10, 2007, Shenas personally met with Defendants' counsel to resolve these discovery disputes. Ultimately, Plaintiffs gave Defendants an extension of time to respond to discovery that did *not* concern the initial disclosures, but did not extend the time for them to provide further initial disclosure information.[1]

Rule 26(a)(1) requires that a party, without awaiting a discovery request, must disclose the name, and if known, the address and telephone number of potential witnesses, categories of documentary evidence, computation of damages and insurance information. Parties have a duty to supplement disclosures made under Rule 26(a)(1) if they learn that (1) their initial disclosures are incomplete or incorrect; and (2) "the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. Proc. 26(e). According to Rule 26(a)(3), "[a]s trial approaches, the parties must then choose their trial witnesses and exhibits from this list of persons and documents they have disclosed pursuant to Rule 26." *Crafton v. Blaine Larsen Farms, Inc.*, 2006 U.S. Dist. LEXIS 27999, *2 (D. Idaho 2006).

Here, Defendants disclosed this information: (A) they identified as witnesses the two individual defendants and all witnesses Plaintiffs identified;[2] (B) they identified as categories of evidence all documents produced in the Maryland action, form agreements for Defendants' contracts, videos of certain products, product labels and patents and accounting and shipping documents; (C) they contend

---

[1] The parties stipulated to the extension themselves. *See* Mem. Ps.&As Exs. C, D.

[2] While Plaintiffs complain that Defendants did not provide the address and telephone number of their witnesses, the only specific witnesses Defendants identified were party witnesses, who can be contacted through counsel.

that Plaintiffs are not entitled to damages; and (D) there is no insurance coverage for this claim. Opp'n, Ex. A. Plaintiffs argue these disclosures are inadequate because they do not address several key issues in the complaint and that they cannot prepare for Defendants' defenses. Plaintiffs assert that Defendants refuse to produce the information because they believe they have no liability to Plaintiffs, so need not produce it.

The Court finds that Defendants did provide initial disclosures that cover the four requirements of Rule 26(a)(1). While the disclosures fail to address several items in the complaint, Defendants are free to supplement those disclosures *as they become aware* of further information. To the extent Defendants are already aware of information but have not yet disclosed it, they must do so by ***November 7, 2007***. Further, Plaintiffs are free to conduct discovery into additional matters, per Rule 26(a)(5).[3] Finally, at trial Defendants will be limited to using only the witnesses and exhibits they identify in their initial disclosures and supplements thereto.

Because Defendants provided initial disclosures and may supplement that information as the case progresses, and Plaintiffs are free to conduct further discovery, the Court **DENIES in part** Plaintiffs' motion to compel, but **GRANTS it in part** to the extent that Defendants have not disclosed information of which they are already aware.

**Sanctions.**

Federal Rule of Civil Procedure 37 states that a Court may award sanctions if it grants a motion to compel. Because the Court is largely denying Plaintiffs' motion to compel, it also **DENIES** Plaintiffs' request for sanctions.

**Protective Order.**

Plaintiffs also request that the Court enter a protective order to avoid the release of confidential business information. They assert that discovery requests have been served that seek information concerning contracts governing Defendants' sales to major retailers. Plaintiffs argue the requests are relevant to determine whether commissions are owed, and if so, how much is owed. Defendants oppose the request, arguing that Plaintiffs fail to show that the information they seek to protect is relevant and

---

[3] For example, Plaintiffs' itemized list of eight categories of documents may be appropriate as a formal discovery request, as it is not the type of discovery contemplated by initial disclosures.

necessary to prepare the case for trial. They argue the request for a protective order governing information in the contracts is premature because Plaintiffs have no substantial proof of an agreement with Defendants that would entitle them to seek Defendants' proprietary sales information, and that Defendants are entitled to a prohibitory protective order that prohibits the production of all such confidential documents. The Court notes that while Defendants contend there is no merit to Plaintiffs' claims, they have not filed a motion to dismiss.

Based on the information before the Court, it appears that Plaintiffs seek a protective order for discovery responses Defendants are to provide in the future. At this point, Defendants have neither answered nor refused to answer the discovery requests, and the Court does not know whether and to what extent Defendants will comply with the discovery requests. If Defendants produce the documents, this issue will be moot. If Defendants do not produce the documents, either Defendants can move for a prohibitory protective order, or Plaintiffs can seek to compel the production.

Based on the papers before the Court, a dispute has not yet arisen regarding the production of confidential information. Therefore, the Court **DENIES without prejudice** Plaintiffs' motion for a protective order.

If the issue of a protective order arises again, the Court strongly encourages the parties to stipulate to a protective order that the Court may enter. Any future proposed protective order must also include these two provisions:

> Nothing shall be filed under seal, and the court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel.
>
> The Court may modify the protective order in the interests of justice or for public policy reasons.

**IT IS SO ORDERED.**

DATED: October 29, 2007

_Nita L. Stormes_
Hon. Nita L. Stormes
U.S. Magistrate Judge