# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE A. BROOKS; BROOKS INDUSTRIES, INC., <br><br>             Plaintiff, <br>v. <br><br>MOTSENBOCKER ADVANCED DEVELOPMENTS, INC.; GREGG A. MOTSENBOCKER; SKIP A. MOTSENBOCKER, <br><br>             Defendants. | Civil No. 07cv773 BTM (NLS) <br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL [Doc. No. 36]; and GRANTING MOTION TO ENTER PROTECTIVE ORDER [Doc. No. 37]** |

George Brooks and Brooks Industries, Inc. (Plaintiffs) filed this motion to compel Motsenbocker Advanced Developments, Inc. (MAD), Gregg Motsenbocker and Skip Motsenbocker (collectively, Defendants) to provide responses to certain requests for production (RFPs) and interrogatories. Plaintiffs also request sanctions and move for a protective order. Defendants oppose, arguing that they properly responded to all the subject discovery requests by (1) specifically responding to the request; (2) stating that no documents were available; or (3) stating that any responsive documents were protected by privilege or founded objections. They also oppose the motion for protective order as being premature. Plaintiffs did not file a reply to Defendants' opposition. The Court took this matter under submission and without oral argument.

For the following reasons, the Court **GRANTS in part** and **DENIES in part** the motion to compel, **DENIES** the request for sanctions and **GRANTS** the motion for protective order.

**Relevant Facts.**

In April 2007, Plaintiffs sued Defendants in this Court for breach of contract, fraud and related claims based on the parties' alleged joint venture agreement regarding a liquid remover used for refinishing surfaces covered by paint and paint-like coverings. Plaintiffs allege that Defendants breached the contract by not paying commissions on sales of the liquid remover.

After the parties exchanged initial disclosures, Plaintiffs moved to compel Defendants to provide supplemental initial disclosures. On October 29, 2007 this Court denied that request in part, but ordered Defendants to disclose any information of which they were already aware by November 7, 2007. The Court also noted that Plaintiffs could seek supplemental information through discovery.

Defendants did not provide any supplemental disclosure information by November 7. Pls.' Mem. Ps&As p.5, ll.18-21. Plaintiffs served Defendants with discovery requests and now move to compel responses to certain requests. Some of the subject discovery requests seek information identical to what Defendants provided in their initial disclosures.

**RFPs Identical to Initial Disclosures.**

Plaintiffs argue that Defendants must supplement their responses to RFPs that seek information Plaintiffs believe Defendants should have provided in their initial disclosures. Plaintiffs say that Defendants must supplement all the responses to the RFPs to Gregg Motsenbocker and Skip Motsenbocker, and the first three RFPs addressed to MAD. Pls.' Mem. Ps&As p.6, ll.18-21. The RFPs and responses, in relevant part, read as follows:

RFP 1:[1]    Individuals likely to have discoverable information that the disclosing party may use to support its claims, unless for impeachment, regarding allegations in the Plaintiff's complaint.

Response 1:    . . . Gregg Motsenbocker; Skip Motsenbocker; all witnesses identified by Plaintiffs.

RFP 2:    All documents, data compilations, and tangible things in possession, custody, or control of the disclosing party that may be used to support its claims, unless for impeachment.

Response 2:    . . . All documents produced, pleadings and attachments in <u>Brooks v. Motsenbocker et al.</u> U.S.D.C. for Dist. Of Md. Case No. 8:06-

---

[1] Pls.' Mem. Ps&As, Ex. A. Because the discovery requests are identical, the Court will refer to them only by number and not distinguish by Defendant. The Court's order, however, will apply to all sets of discovery requests.

CV-1024 AW, and <u>Brooks v. Motsenbocker et al.</u> U.S.C.A. for the Fourth Circuit, Case No. 07-1033. Form Agreements for contracts with Defendants. Videos of certain products identified in Plaintiffs' Complaint. Product labels and patents for products identified in Plaintiffs' Complaint. Accounting and shipping documents for products identified in Plaintiffs' Complaint.

RFP 3: Insurance.

Response 3: Defendants are not presently aware that they are the beneficiaries of any insurance agreement which may be liable to satisfy part or all of any potential judgment that may be entered against them in this action or to indemnify or reimburse any person or entity for payments that may be made to satisfy any such judgment.

In the moving papers, Plaintiffs state that based on those three RFPs, Defendants should be compelled to produce this specific information:

1) All marketing materials and labels Defendant MAD uses to market products manufactured under patents 5,484,487 and 5,415,800, not just those relating to the Product when marketed by Plaintiffs. See Amended Complaint ¶¶ 9 et seq.

2) All agreements and correspondence between Defendant MAD and Ecolab. See Amended Complaint ¶¶ 15 et seq.

3) All documents reflecting promotional trips Plaintiffs or Defendants took to promote the Product. See Amended Complaint ¶¶ 30 et seq.

4) All documents reflecting Defendants' development of the Product. See Amended Complaint ¶¶ 30 et seq.

5) All promotional materials used to pitch the Product, not just "product label."

6) All records of negotiations and agreements with Home Depot. See Amended Complaint ¶¶ 59 et seq.

7) All records of sales of the Product through all distributors including thorough Home Depot, Lowes, Ace Hardware, Dutch Guard. See Amended Complaint ¶ 60.

Pls.' Mem. Ps&As p.7, ll.1-21. Plaintiffs, however, have not served specific discovery requests like the ones outlined in nos. 1-7 above. Instead, Plaintiffs apparently rely on RFP no. 2–which requests "All documents, data compilations, and tangible things in possession, custody, or control of the disclosing party that may be used to support its claims, unless for impeachment"–to cover all the specific information sought in nos. 1-7.

The Court has already found that Defendants provided responses to initial disclosures, and thus

provided a response to RFP no. 2. Defendants are already under an order to supplement that response as information becomes available. The Court finds that the specific information Plaintiffs seek in nos. 1-7 is not necessarily covered within RFP no. 2. Because Plaintiffs have not requested the specific information sought in nos. 1-7 through discovery, the Court cannot compel Defendants to respond to it at this time. Therefore, the Court **DENIES** Plaintiff's motion to compel supplemental responses to all the responses to the RFPs to Gregg Motsenbocker and Skip Motsenbocker, and to the first three RFPs addressed to MAD.

**RFP Nos. 4 to 44 to MAD.**

Plaintiffs seek to compel MAD to produce documents responsive to RFP nos. 4 to 44. They argue that Defendants rely on four unfounded objections in their refusal to produce responsive documents. Contrary to Plaintiffs' assertion, Defendants responded to many of the RFPs, notwithstanding their objections. Plaintiffs, however, do not address why the responses are insufficient.[2]

Notwithstanding their objections, Defendants agreed to produce documents responsive to RFP nos. 4, 20, 21, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 43 and 44. Defendants also responded that no responsive documents exist for RFP nos. 5, 8, 9, 10, 16 and 40. Plaintiffs did not even acknowledge that Defendants provided these responses, nor did they specifically identify why they were insufficient. Therefore, the Court **DENIES** Plaintiffs' motion to compel further responses to these RFPs.

In response to RFP nos. 6 and 7, Defendants invoked the attorney-client privilege. When asserting the attorney-client privilege, "[t]he party asserting the privilege bears the initial burden of demonstrating that the communication falls within the privilege."[3] *Bible v. Rio Properties, Inc.*, 2007 U.S. Dist. LEXIS 80017, *15 (C.D. Cal. 2007) (citations omitted). Here, Defendants have not provided a privilege log regarding these documents and thus have not met their burden of demonstrating the privilege. The Court therefore overrules this objection. The Court, however, will not order outright

---

[2] Because neither party identified which of the RFPs had substantive responses, the Court had to take the time to determine which RFPs contained actual responses.

[3] While this is a diversity case, and state law governs questions of substantive privilege, federal law governs "the procedure for invocation of such privilege, e.g., preparation of privilege logs." *Whittall v. Henry Schein, Inc.*, 2006 U.S. Dist. LEXIS 96622, *5 (E.D. Cal. 2006) (citations omitted).

production of these documents because the information contained in them may be available through non-privileged sources. Instead, the Court **ORDERS** Defendants to provide a privilege log in accordance with Fed. R. Civ. Proc. 26(b)(5)(A) with regard to these responses by ***January 22, 2008***.

The Court now turns to the remaining RFPs, nos. 11, 12, 13, 14, 15, 17, 18, 19, 22, 23, 24, 39, 41 and 42, where Defendants objected and refused to produce any document. The objections are based on these grounds: the RFPs are compound, vague and ambiguous; they are burdensome and oppressive; and they seek proprietary information covered by the privacy privilege.[4] The party resisting discovery must explain why the discovery is impermissible and has the burden to clarify, explain and support its objections. *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975).

### 1. Compound, Vague and Ambiguous.

Defendants failed to explain, in the responses or opposition, why the subject RFPs were compound, vague or ambiguous. Simply asserting these boilerplate objections is insufficient to meet Defendants' burden of explaining why the RFPs are objectionable. *See Bible*, 2006 U.S. LEXIS at *11. Without any specific information, the Court cannot ascertain the objectionable aspect of the RFPs. The Court, therefore, overrules these objections.

### 2. Burdensome and Oppressive.

Defendants did not explain, in the responses or opposition, why the RFPs were burdensome or oppressive. For example, Defendant did not provide a declaration showing why the scope of the request would have been too difficult to comply with. Without any specific information, the Court cannot sustain these boilerplate objections, and therefore overrules them.

### 3. Privileged and Proprietary Information.

Defendants object that these requests violate California's privacy privilege and trade secrets privileges and call for confidential information. Defendants combine their discussion of these objections into one general argument.

State law governs the substance of the privilege asserted in a diversity action. *See* Fed. R. Evid. 501; *Davis v. Leal*, 43 F.Supp. 2d 1102, 1108 (E.D. Cal. 1999). The asserted privileges that protect

---

[4] Plaintiffs also discuss Defendants' objection that they do not have responsive information as discovery is continuing. The Court does not address this objection, however, because it was not relied on in response to RFP nos. 11-19, 22-24, 39 and 41-42.

financial and proprietary information are not absolute, but are subject to balancing the needs of the litigation with the sensitivity of the information and records sought. *Davis*, 43 F.Supp. at 1110; *Bible*, 2007 U.S. Dist. at *16. The party asserting the privilege has the initial burden to establish the existence of the privilege; then, the burden shifts to the party seeking the information to justify the need for the information. *Id.* In their opposition, Defendants generally describe their need for imposing a total protective order for the responsive documents because the responses could disclose the private and confidential financial information of not only Defendants but of third parties like Home Depot, Lowes and Sherwin Williams. They also argue that the only proper balance of Defendants' and third parties' privacy rights versus the public interest in obtaining just results in litigation is to bifurcate discovery and trial of the existence of the alleged joint venture agreement in this matter from the issues of breach and damages.

Defendants did not provide any declarations or other evidence that explain why the responsive documents are privileged or proprietary information or why their disclosure–either in general or pursuant to a protective order–would be harmful to them or third parties. In responding to the RFPs Defendants did not take any steps to protect the information, such as by creating a privilege log, entering into a stipulated protective order, or moving for their own protective order before their deadline to respond. Finally, while Defendants say the best way to balance privacy rights versus public interest is to bifurcate this case, they have never formally put such a request before the district judge. Therefore, Defendants have not met their burden to show that the responsive documents are confidential, proprietary or privileged information, and the Court overrules these objections.

The Court **GRANTS** Plaintiffs' motion to compel responses to RFP nos. 11-19, 22-24, 39 and 41-42. While the Court has overruled Defendants' objections, it does not want to prejudice the rights of Defendants and third parties regarding their confidential information. While the Court compels Defendants to respond, it finds that a protective order and privilege log will protect that confidential information. The parties, therefore, must lodge a stipulated proposed protective order directly with chambers by ***January 22, 2008***. Defendants must then provide responses, including responses that Defendants assert contain "Confidential Material" subject to a protective order, and a privilege log to Plaintiffs by ***February 1, 2008***.

**Interrogatories to MAD.**

Defendants object to interrogatory nos. 1, 10, 13 and 15 for being compound, burdensome and oppressive in form, and for seeking irrelevant or proprietary information covered by the privacy privilege. In their responses Defendants did not provide any specific information to support their objections. In their opposition Defendants argue that these interrogatories are compound, burdensome and oppressive because the total number of interrogatories (including subparts) violates the Local Rules.

Fed. R. Civ. Proc. 33 says that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Civil Local Rule 33.1 says that a party seeking to serve more than 25 interrogatories, including all discrete subparts, must "submit to the court a written motion setting forth the proposed additional interrogatories and the reasons establishing good cause for their use." Here, Ex. C shows that Plaintiffs posed 15 interrogatories to MAD. While the 15 interrogatories listed in Ex. C appear to lack the complete text of the actual interrogatories posed, at least nos. 1 and 2 each have 9 subparts; no. 10 has 4 subparts; and no. 13 has 3 subparts. Based on the information before the Court, the 15 interrogatories, including their subparts, add up to 36 interrogatories. Because this total violates the number of permissible interrogatories, the Court **DENIES** Plaintiffs' motion to compel further responses to the interrogatories.

**Sanctions.**

Federal Rule of Civil Procedure 37(a)(5)(A) states that if a Court grants a motion to compel, it must award "reasonable expenses incurred in making the motion, including attorney's fees." The Court need not award sanctions if "the opposing party's nondisclosure, response, or objection was substantially justified; or other circumstances make an award of expenses unjust." Fed. R. Civ. Proc. 37(a)(5)(A)(ii), (iii). Here, Plaintiffs prevailed only in part. While they sought sanctions in the caption of the motion, they did not raise the issue in their points and authorities or seek a specific, supported amount in sanctions. Neither did Plaintiffs file a reply to rebut Defendants' arguments that their responses were not justified or made in bad faith. The Court, therefore, **DENIES** Plaintiffs' request for sanctions.

**Protective Order.**

Despite the Court's admonition in its previous discovery Order, Defendants have refused to

stipulate to a protective order and object to the Court entering one.  The Court, however, has granted Plaintiffs' motion to compel responses to certain discovery requests that could require production of confidential information.  The Court, therefore, finds good cause to enter a protective order, and **GRANTS** Plaintiffs' motion for a protective order.  The parties must lodge a stipulated proposed protective order regarding confidential and proprietary information directly with chambers by ***January 22, 2008***.

**IT IS SO ORDERED.**

DATED:  January 8, 2008

_____
Hon. Nita L. Stormes
U.S. Magistrate Judge