FILED
08 JAN 24 PM 4:23
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE A. BROOKS, ET AL<br><br>Plaintiffs,<br><br>vs.<br><br>MOTSENBOCKER ADVANCED DEVELOPMENTS, INC. ET AL<br><br>Defendants. | Case No. 2007 CV 0773 BTM (NLS)<br>Judge Barry Ted Moskowitz<br>Magistrate Judge Nita L. Storms<br><br>Complaint filed: April 27, 2007 |

### Protective Order Regarding Confidential and Proprietary Information

Pursuant to Federal Rule of Civil Procedure 26(c), and upon consideration of the Plaintiffs' Motion to Compel, and good cause appearing to protect certain information, it is hereby

**ORDERED** that the following procedure is adopted for the protection of confidential or proprietary information in this action:

1. All documents and materials of any type produced in discovery by the parties to this action or by a third-party responding to a subpoena, as well as any information derived therefrom, that have been designated to constitute or contain "Confidential Material" shall be used only in connection with the present proceeding and shall not be disclosed to any other person, corporation or entity or used for any other purpose whatsoever.

2. The term "Confidential Material" shall include all information, documents and other similar confidential materials revealed or disclosed during discovery or any of the pretrial proceedings or trial of the above matter, that are designated in writing as "Confidential Material" in the manner set forth in paragraphs 5, 9 and 10 of this Protective Order. Materials shall be

1

designated as "Confidential Material" only when the designating person has a good faith belief that the material contains trade secrets, proprietary information or other confidential information, including but not limited to sales representation contracts and related sales and payment records, sales contracts and distribution agreements and related sales and payment records, confidential financial data, confidential business, marketing or strategic plans, and confidential contractual or business relationship documents. All such materials shall be protected, used, handled and disposed of strictly in accordance with the provisions hereof.

    3.    Blank.

    4.    Except as specifically authorized by the Court, and as otherwise provided in Paragraph 1, "Confidential Material" shall not be disclosed or revealed to anyone not authorized hereunder to receive such material and shall be used only for the purposes of preparing for or conducting this proceeding. All persons to whom "Confidential Material" is disclosed by the parties or their counsel shall be informed of and shown a copy of this Protective Order and shall agree to abide by its terms by signing the acknowledgment attached as Exhibit A.

    5.    Subject to the good faith requirement in Paragraph 2 and the designations in Paragraph 3, any document containing "Confidential Material" shall be stamped with a Bates number and a cover writing shall be sent stating the Bates number of the document containing the confidential information. "Confidential Material" disclosed in responses to discovery requests, subpoenas, motions, or other pleadings may be marked by words designating the material as confidential on the first page of each such document. "Confidential Material" disclosed in trial or deposition testimony may be so designated by a statement to that effect on the record during the proceeding or within 10 days after the transcript thereof is sent to any party.

6.   Except upon the prior written consent of the person asserting "Confidential Material" treatment, or upon order of the Court, "Confidential Material" shall be treated, used or disclosed strictly in accordance with the provisions hereof.

7.   Access to "Confidential Material" shall be limited to the following persons assisting in the preparation for trial of this matter:

    a.   counsel and legal assistants for the respective parties;

    b.   designated employees of the parties;

    c.   experts and consultants (and their employees or clerical assistants) who are employed, retained, or otherwise consulted by counsel or a party);

    d.   persons who counsel believe are likely to be called to give testimony on matters relating to "Confidential Material";

    e.   qualified reporters taking testimony involving "Confidential Material," and necessary stenographic and clerical personnel thereof, as well as Court personnel in the conduct of their official duties.

8.   In the event that any party becomes required to disclose any "Confidential Material" to anyone other than the persons identified in Paragraph 7, either by court order or under any applicable law, it shall provide advance written notice of such order, demand or requirement to the party that produced or designated the "Confidential Material" that is required to be disclosed. Such notice shall include a copy of the demand, subpoena, court order or other instrument requiring the disclosure and shall be given as soon as reasonably practicable, but in no event later than five (5) days after receipt of the demand, subpoena, court order or other instrument.

9. Nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel.

10. When any party advises the Court that it intends to disclose "Confidential Material" in any presentation in open Court, the Court at its discretion shall close the proceedings to all members of the public not affiliated with plaintiffs or defendants or their counsel or otherwise agreed to by the parties. That party shall notify all other parties of its intention to utilize such information and the parties shall attempt to agree in advance regarding how the "Confidential Material" shall be presented to the Court, including, by way of example, *in camera* presentation.

11. The receiving party, receiving party's counsel, and receiving party's experts or technical consultants shall not advertise, publish, sell, offer or provide the "Confidential Material" received to any person not specifically authorized hereunder.

12. "Confidential Material" shall not be disclosed to any person under paragraph 7(b), 7(c), or 7(d) unless and until such person has agreed in writing to be bound by the terms of this Protective Order. Signed acknowledgments shall be retained by counsel for the receiving party until termination of this matter.

13. The failure to mark "Confidential Material" as such at the time of production will not be deemed a waiver of a party's claim of confidentiality and will not estop a party from designating such document or information as "Confidential Material" upon discovery of the inadvertent disclosure. Counsel for the party who failed to designate the material as "Confidential Material" shall, within ten days of discovery of the disclosure, notify opposing counsel. Counsel for the parties shall then cooperate to restore the confidentiality of the "Confidential Material."

14. There shall be no obligation to challenge a "Confidential Material" designation when made and failure to do so shall not preclude a subsequent challenge. If any party objects to the designation of any material as "Confidential Material," it may apply to this Court for a ruling that the information or material shall not be so designated. The burden shall be on the person designating the information as "Confidential Material" to establish, based upon a showing of good cause, that the material constitutes or contains proprietary or confidential information or trade secrets or other similar information.

15. Prior to filing any motion challenging a designation of "Confidential Material," the objecting party shall give the designating party not less than ten days advance written notice specifically setting forth the grounds for the objection to the designation. A shorter notice period may be ordered by the Court or agreed upon by counsel. During the notice period, the objecting party shall confer with the designating party to resolve the dispute in good faith without filing a motion.

16. This Protective Order does not preclude any party from opposing production of information or documents on appropriate grounds other than confidentiality, pursuant to the Federal Rules or other applicable law.

17. This Protective Order shall not be construed to restrict the right of the producing party to use documents it designates as "Confidential Material" in any manner it deems appropriate.

18. The restrictions on communication and disclosure of "Confidential Material" set forth herein shall not apply to documents and information that are public knowledge and information that becomes public knowledge as a result of disclosure other than as a result of a violation of this order or pursuant to a court order, or to documents or information possessed or

acquired by discovery independent of documents or information designated as "Confidential Material."

19. Within 30 days of the final termination of this proceeding, all persons to whom "Confidential Material" has been disclosed shall, at their option, either (a) destroy the "Confidential Material," or (b) return the "Confidential Material" to counsel for the person who originally produced it. All recipients of "Confidential Material" shall certify in writing to the designating party that they have complied with the provisions of this paragraph. Final termination of this proceeding is defined as the date on which all appeals have been exhausted or, if the Court has issued relief, the date on which any such remedy has been completed.

20. Notwithstanding provisions of Paragraph 19, this Protective Order shall continue in full force and effect with respect to "Confidential Material" and the Court shall retain jurisdiction to enforce this Order.

21. The Court may modify the protective order in the interests of justice or for public policy reasons.

DATED this 22 day of JAN., 2008.

_____
Honorable Nita L. Stormes

cc:

Michael J. Trevelline, Esq.
1823 Jefferson Place, NW
Washington, DC 20036-2504
Email: mjt@mjtlegal.com

Peter Shenas, Esq.
THE LAW OFFICES OF PETER SHENAS
750 B Street, Suite 2510
San Diego, California 92101
Email: peter@shenaslaw.com

| | |
|---|---|
| 1 | Patrick D. Webb, Esq. |
| 2 | Webb and Carey |
|   | 401 B Street, Suite 306 |
| 3 | San Diego, California 92101-4207 |
|   | Email: pwebb@webbcarey.com |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE A. BROOKS, ET AL<br><br>    Plaintiffs,<br><br>    vs.<br><br>MOTSENBOCKER ADVANCED DEVELOPMENTS, INC. ET AL<br><br>    Defendants. | Case No. 2007 CV 0773 BTM (NLS)<br>Judge Barry Ted Moskowitz<br>Magistrate Judge Nita L. Storms<br><br>Complaint filed: April 27, 2007 |

## EXHIBIT A TO THE PROTECTIVE ORDER

I hereby acknowledge that I have received and read a copy of the Protective Order Regarding Confidential And Proprietary Information ("Protective Order") in the above-referenced action and I agree to comply with and be bound by the provisions of the Protective Order.

DATED, this _____ day of _____, 2007.

_____