UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE A. BROOKS; BROOKS INDUSTRIES, INC., <br><br>　　　　　Plaintiff, <br>v. <br><br>MOTSENBOCKER ADVANCED DEVELOPMENTS, INC.; GREGG A. MOTSENBOCKER; SKIP A. MOTSENBOCKER, <br><br>　　　　　Defendants. | Civil No. 07cv773 BTM (NLS) <br><br>**ORDER GRANTING IN PART PLAINTIFFS' EX PARTE MOTION TO EXTEND DATES IN THE SCHEDULING ORDER [Doc. No. 44]** <br><br>*** <br><br>**FIRST AMENDED SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS** |

George Brooks and Brooks Industries, Inc. (Plaintiffs) filed this ex parte application to extend dates in the scheduling order. Motsenbocker Advanced Developments, Inc. (MAD), Gregg Motsenbocker and Skip Motsenbocker (collectively, Defendants) have not filed an opposition. Even though this Court finds that Plaintiffs grossly misrepresent the procedural history of this case and mischaracterize the Court's actions, it still **GRANTS in part** the ex parte application. The Court also **ADMONISHES** Plaintiffs that any future filings must contain supported facts that accurately characterize the parties' and the Court's actions.

**Plaintiffs' Misrepresentations.**

Plaintiffs ask this Court to modify the scheduling order by continuing all dates in it for 90 days. In support, they say hardly any documents have been produced even though discovery has been open for around six months. Plaintiffs' counsel cites many scheduling issues in his own calendar. Finally,

Plaintiffs also try to blame the Court–twice– for the delay in receiving discovery documents:

> Plaintiffs promptly submitted requests for production and issued subpoenas and requested a protective order in August and September. The Court did not issue a protective order until six months later and did not order Defendants to respond to August requests for production until 1 February 2008–almost seven months after requested!

Pls.' Application, p.2, ll.11-17; p.11, ll.7-12.

Plaintiffs grossly misrepresent the Court's actions. The Court now clarifies the record.

On June 27, 2007, the Court filed an order setting Rule 26 compliance. [Doc. No. 9.] Per that order, the parties were to make initial disclosures by July 30, 2007.

On July 17, 2007, Plaintiffs filed a motion before District Judge Moskowitz for leave to file a first amended complaint. [Doc. No. 11.] The hearing date for that motion was September 14, 2007. On July 23, Judge Moskowitz referred Plaintiffs' motion to the undersigned for decision. This Court moved up the hearing date for Plaintiffs' motion to September 6. [Doc. No. 16.]

Meanwhile, on August 10, 2007, this Court issued a scheduling order regulating discovery and other pretrial proceedings. [Doc. No. 19.] Then, on the same day as the hearing–September 6, 2007–this Court issued an order granting Plaintiffs' motion for leave to file an amended complaint and ordered Plaintiffs to file their amended complaint forthwith. [Doc. No. 24.] But Plaintiffs never filed one. This Court then had to issue a second order reminding Plaintiffs to file the first amended complaint that they had asked for, and ordered them to do it by October 1. [Doc. No. 25.] Plaintiffs filed it September 25. [Doc. No. 27.]

Not until September 26, 2007–almost two months after initial disclosures were due–did Plaintiffs file a motion to compel Defendants to make initial disclosures and requested that the Court enter a protective order. [Doc. No. 29.] This Court set the hearing date for that motion on October 24–exactly 28 days after it was filed–and the minimum time required for motion hearings under the local rules.

Defendants, in the meantime, filed an answer to the first amended complaint on October 15. [Doc. No. 31.]

Five days after the hearing, this Court issued an order largely denying Plaintiffs' motion to compel as premature and denying without prejudice the motion for protective order. [Doc. No. 35.] The Court found that Defendants in fact provided initial disclosures that cover the four requirements of Rule

26(a)(1), and ordered Defendants to supplement their disclosures as they became aware of any other information.  While Plaintiffs found these disclosures to be "incomplete," the Court noted that Defendants would be limited to using only the witnesses and exhibits they identified in their initial disclosures and supplements thereto.  The Court also denied Plaintiffs' request for a protective order as premature, because at that point in time, Defendants had not refused to answer any discovery requests, so a dispute had not yet arisen.  The Court strongly encouraged the parties to file any future request for a protective order as a stipulated joint motion.

On November 28, 2007, Plaintiffs filed a motion to compel responses to discovery. [Doc. No. 36.] The Court set the matter for hearing on December 27, just 29 days later.  Plaintiffs identified requests for production (RFPs) they sought to compel responses to, and those RFPs were identical to information sought in the initial disclosures.  They also sought to compel the disclosure of information that they never even asked Defendants for through discovery.  On January 8, 2008, the Court denied the requests in the RFPs, because it had already ruled on information that was or should have been provided in the initial disclosures, and could not compel disclosure of information that was never sought in discovery. [Doc. No. 42.]  The Court, however, granted the request to compel responses to certain interrogatories.  And because Defendants' responses to those interrogatories could require production of confidential information, the Court granted the motion for a protective order, as it was finally ripe for decision.  The Court allowed the parties until January 22, 2008 to submit a joint proposed protective order, and signed the proposed protective order the same day. [Doc. No. 43.]

Based on the Court's immediate accommodation of Plaintiffs' motions and prompt issuing of orders, the Court does not appreciate Plaintiffs' gross misrepresentation that the Court took six months to issue a protective order and gave Defendants seven months to respond to discovery.  The Court, therefore, **ADMONISHES** Plaintiffs that any future filings must contain accurate and supported facts that do not misrepresent the parties' or the Court's actions.

**Revised Scheduling Order.**

Notwithstanding Plaintiffs' misrepresentations, Plaintiffs have shown good cause to continue the dates in the scheduling order by 60 days, and not the 90 days requested.  The Court, therefore, **ORDERS** that the scheduling order be revised to include these new deadlines:

|  |  |  |
|---|---|---|
| 1 | ● Designation of Expert Witnesses | ***February 15, 2008*** |
| 2 | ● Date for Exchanging Rebuttal Witnesses | ***February 29, 2008*** |
| 3 | ● Disclosure Under Rule 26(a)(2)(A) and (B) | ***March 14, 2008*** |
| 4 | ● Supplement disclosures under Rule 26(a)(2)(c) | ***April 14, 2008*** |
| 5 | ● Complete all discovery including experts | ***May 30, 2008*** |
| 6 | ● File all pretrial motions | ***June 30, 2008*** |
| 7 | ● Conduct Mandatory Settlement Conference | ***September 15, 2008 at 2:00 p.m.*** |
| 8 | ● Confidential settlement briefs due to chambers | ***September 10, 2008*** |
| 9 | ● Pretrial Disclosure Requirements | ***October 14, 2008*** |
| 10 | ● Counsel's Meeting Under Local Rule 16.1(f)(4) | ***October 21, 2008*** |
| 11 | ● Proposed Final Pretrial Conference Order due | ***October 28, 2008*** |
| 12 | ● Final Pretrial Conference with Judge Moskowitz | ***November 4, 2008 at 4:00 p.m.*** |

All non-conflicting provisions of the Court's August 10, 2007 scheduling order shall remain in full force and effect.

**IT IS SO ORDERED.**

DATED: February 8, 2008

_____
Hon. Nita L. Stormes
U.S. Magistrate Judge