# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE A. BROOKS; BROOKS INDUSTRIES, INC.,<br><br>                    Plaintiff,<br>v.<br><br>MOTSENBOCKER ADVANCED DEVELOPMENTS, INC.; GREGG A. MOTSENBOCKER; SKIP A. MOTSENBOCKER,<br><br>                    Defendants. | Civil No. 07cv773 BTM (NLS)<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO STAY AND/OR BIFURCATE DISCOVERY PENDING THE OUTCOME OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND IN THE ALTERNATIVE FOR AN ADDITIONAL PROTECTIVE ORDER**<br><br>[Doc. No. 52] |

Motsenbocker Advanced Developments, Inc. ("MAD"), Gregg Motsenbocker and Skip Motsenbocker (collectively, "Defendants") filed a motion to stay discovery pending the outcome of their motion for summary judgment. Alternatively, they seek to bifurcate discovery and limit discovery to liability, and not damages, pending the ruling on the summary judgment motion. As a final alternative, Defendants propose that the Court enter an additional protective order barring the reproduction of all confidential documents pending the summary judgment ruling. George Brooks and Brooks Industries, Inc. ("Plaintiffs") oppose Defendants' motion.

The Court found the motion suitable for decision on the papers and took the matter under submission pursuant to Local Civil Rule 7.1(d)(1). For the reasons set forth below, the Court **DENIES without prejudice** Defendants' motion to stay and/or bifurcate discovery or alternatively for an additional protective order pending the outcome of the motion for summary judgment.

# FACTUAL BACKGROUND

**Relevant Procedural History.**

Plaintiffs filed their complaint on April 27, 2007.  Defendants did not move to dismiss, but instead filed an answer on May 17.  On August 10, the Court issued a scheduling order regulating discovery.  Plaintiffs began seeking discovery on August 16.  *See* Pls.' Sept. 26 Mtn. to Compel, p.5 [Doc. No. 29].  Then, after the Court granted it leave, Plaintiffs filed a first amended complaint (FAC) on September 25, 2007.  On October 15, 2007, Defendants filed an answer to the FAC.

After engaging in some discovery and fighting through two motions to compel, Defendants filed a motion for summary judgment on February 10, 2008.  *See* Webb Decl. Ex. A.  They filed this motion on February 11.  Defendants' main claim in the summary judgment motion is that Plaintiffs cannot establish a triable issue of fact showing that the parties had an oral contract.  Plaintiffs are due to file their opposition to the motion by March 21, 2008.  The hearing date on the motion, set before the district judge, is April 4, 2008.  The discovery cutoff date is May 30, 2008.

**Protective Order.**

Plaintiffs twice asked the Court to enter a protective order.  First, Plaintiffs filed a motion to compel Defendants to supplement their initial disclosures on September 26, 2007, which included a request that the Court enter a protective order.  The Court denied the request to enter a protective order as premature.  It strongly encouraged the parties to file any future request for a protective order as a stipulated joint motion, and asked the parties to include certain requisite language in the protective order.

On November 28, 2007, Plaintiffs filed a motion for a protective order as the parties did not agree to a stipulated protective order.  Plaintiffs attached to their motion a proposed protective order that included the Court's required language.  Defendants opposed the motion for a protective order.  The Court found good cause to enter a protective order and granted Plaintiffs' motion.  Instead of adopting Plaintiffs' proposed order, the Court gave Defendants the opportunity to negotiate terms that they would want to include in the protective order.  The Court ordered the parties to lodge a stipulated proposed protective order regarding confidential and proprietary information with chambers by January 22, 2008.

On January 22, Plaintiffs lodged a proposed protective order at 10:24 a.m. Opp'n Ex. B.  Their

1 proposed order mirrored what they have filed in support of their November motion for a protective
2 order. They also attached correspondence they sent to Defendants on January 16, which said: "This is a
3 draft stipulated protective order for your review. I would appreciate having your comments by Monday
4 so that we can submit this by the due date of Tuesday the 22nd." Opp'n Exs. A, B. Defendants,
5 however, never responded to Plaintiffs' email. Opp'n Ex. B.

6 Instead of communicating with Plaintiffs, Defendants lodged their own proposed protective
7 order on January 22 at 4:46 p.m. Defendants' counsel wrote on the accompanying email: "Attached
8 please find a copy of the proposed stipulated protective order pursuant to the Court's January 8, 2008
9 order." Opp'n Ex. C. But Defendants' proposed order was not signed as a stipulation. And, it differed
10 substantially from what Plaintiffs had proposed in their protective order. For example, paragraph 7
11 eliminated the possibility of disclosing confidential information to the parties' designated employees
12 and to probable witnesses who might testify to matters relating to "Confidential Material." Further,
13 paragraph 2–a key paragraph addressing confidential information–was nonsensical and incomplete. It
14 read:

> The term "Confidential Material" shall include all information, documents
> and other similar confidential materials revealed or disclosed during
> discovery or any of the pretrial proceedings or trial of the above matter,
> that are designated in writing as "Confidential Material" in the manner set
> forth in paragraphs 5, 9 and 10 of this Protective Order. "Confidential and
> Proprietary Material" [this space in original]
> trade secrets, proprietary information or other confidential information,
> including but not limited to sales representation contracts and related sales
> and payment records, sales contracts and distribution agreements and
> related sales and payment records, confidential financial data, confidential
> business, marketing or strategic plans, and confidential contractual or
> business relationship documents. All such materials shall be protected,
> used, handled and disposed of strictly in accordance with the provisions
> hereof. Materials shall be designated as "Confidential Material" only
> when the designating person has a good faith belief that the material
> contains [incomplete sentence in original]

24 Webb Decl. Ex. B, pp.1-2 ¶ 2. The Court reviewed both orders, and signed and entered Plaintiffs'
25 proposed protective order.
26 / / /
27 / / /
28 / / /

**LEGAL STANDARD**

Where discovery is sought from a party, that party may move for a protective order regarding that discovery.[1] For good cause shown a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: . . . forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters[.]" Fed. R. Civ. Proc. 26(c)(1)(D).

**DISCUSSION**

**I.    Discovery Stay.**

Defendants ask this Court to enter a stay on discovery because, they say, there is no triable issue of fact as to existence of an oral contract and that an oral contract did not exist. They argue that Plaintiffs cannot prevail because–as explained in Defendants' summary judgment motion–"there is no clear and convincing evidence of an oral agreement between the Plaintiffs and Defendants." Defs.' Mem. Ps&As, p.2. To support their argument Defendants rely on the arguments in their summary judgment motion.

This Court cannot look to Defendants' arguments in support of their summary judgment motion to determine this issue. To find good cause to enter a complete stay on discovery, this Court would have to essentially determine the merits of the summary judgment motion. That motion, however, is pending before the district judge and not the undersigned. And, this Court does not have the authority to determine the merits of a summary judgment motion. *See* 28 U.S.C. § 636(b)(1)(A). Even if it could determine the merits of the summary judgment motion, that motion is not fully briefed yet. Further, if the summary judgment ruling comes out in Plaintiffs' favor, and discovery is stayed, Plaintiffs could suffer prejudice as to their ability to complete discovery within the time allowed by the current scheduling order.

Because this Court cannot consider the merits of the summary judgment motion, it does not find good cause to enter a discovery stay pending the outcome of the summary judgment motion. Depending

---

[1] Federal Rule of Civil Procedure 26(c)(1) requires that the motion "include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Defendants do not include such a certification, which alone is grounds to reject their motion. The Court, however, will hear the motion, but **ADMONISHES** Defendants and requires them to include such a certification for any future discovery motions.

on the district judge's ruling on the summary judgment motion, a motion to stay discovery may be more appropriately considered at a future time. Therefore, the Court **DENIES without prejudice** Defendants' request to enter a stay on discovery.

## II.     Bifurcation of Issues.

As an alternative to the discovery stay, Defendants seek to bifurcate discovery. They ask that while the summary judgment motion is pending, discovery be limited to liability and not damages. While the request appears to revolve around discovery, Defendants couch their request in a discussion of Federal Rule of Civil Procedure 42(b),[2] which addresses the bifurcation of trials. Even though Defendants never expressly request separate trials, they assert that "both discovery *and determination* of the issues of liability and damages should be bifurcated and determined separately, thereby preventing the unnecessary waste of time and money that might be altogether avoided." Defs.' Mem. Ps&As, p.6 (emphasis added); Reply, p.4.

For the same reasons explained in the Court's denial of Defendants' request to stay discovery, this Court will not bifurcate discovery into liability and damages phases. Finding good cause for the bifurcation will necessarily involve considering the merits of the not-fully briefed summary judgment motion, which the Court does not have the authority to do. Further, to the extent Defendants request a bifurcation of the trial, that request is more appropriately posed to the district judge who will preside over the trial and not to the magistrate judge. Accordingly, this Court **DENIES without prejudice** Defendants' request to bifurcate discovery and/or the trial.

## III.    Modification of the Protective Order.

Defendants seek an additional protective order. The Court views this request as a motion to modify the protective order to prohibit the production of confidential information pending the ruling on the summary judgment motion. Defendants argue that even if discovery is ordered, the protective order should be modified to prohibit the production of Defendants' confidential sales information, sought from not only Defendants but from third parties such as Home Depot, Lowes and Sherwin Williams, pending the outcome of the summary judgment ruling.

The protective order in this case governs the disclosure of confidential information, and allows it

---

[2] Unless otherwise noted, all references to "Rule" will be to the Federal Rules of Civil Procedure.

to be disclosed to only (a) counsel and legal assistants for the respective parties; (b) designated employees of the parties; (c) employed or retained experts and consultants; (d) probable witnesses on matters relating to "Confidential Material"; and (e) qualified reporters taking testimony involving "Confidential Material". Opp'n Ex. B, p.3 ¶ 7. Anyone who will be exposed to "Confidential Material" must execute Exhibit A to the protective order and accept to be bound by the protective order's terms. Opp'n Ex. B, p.2 ¶ 4.

To show good cause to modify a protective order and further restrict access to confidential information, Defendants must show that the risk of injury associated with disclosure of trade secrets to competitors outweighs Plaintiffs' need for the information. *See Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992). Courts have broad discretion to determine what constitutes good cause, whether it exists, and, if it does exist, what protection is appropriate. *Seattle Times v. Rhinehart*, 467 U.S. 20, 36 (1984).

Here, Defendants generally assert that their sensitive information, such as national sales figures, customers' lists and trade secrets, will be unnecessarily disclosed to competitors if the Court does not modify the protective order. Plaintiffs argue that they seek the financial information to determine their compensatory damages, which goes to the heart of their claims. They ask for continued access to that information while they prepare their case.

This Court finds that Defendants have not shown good cause to modify the protective order. First, they belatedly make this request. They refused to negotiate with Plaintiffs in stipulating to a protective order when the Court gave them the express opportunity to do so. Even if the parties could not have agreed to all provisions in a protective order by January 22, they could have submitted a proposed joint order and highlighted the provisions where they could not agree. The Court would have considered their arguments and selected the provisions to be adopted. Then, when Defendants made an eleventh-hour attempt to submit a "proposed stipulated protective order," they misrepresented to the Court that the proposed order was a stipulation[3] that could govern the production of confidential information in this case. The proposed order was not a stipulation because Plaintiffs did not sign and

---

[3] A stipulation is an agreement, usually on a procedural matter, between the attorneys for the two sides in a legal action. Law.com Dictionary, *available at* http://dictionary.law.com/default2.asp?typed=stipulation&type=1&submit1.x=52&submit1.y=12.

agree to it.  Further, the proposed order could not govern the production of confidential information because it contained material deficiencies concerning the definition of "Confidential Material," and would have been a senseless protective order.

Second, Defendants have not specifically identified why the protections already in place are insufficient to protect Defendants' confidential information from dissemination to competitors. Under the current protective order, Defendants' confidential information can be disclosed to Plaintiffs only if the receiving party executes Exhibit A to the order and agrees to be bound by the protective order. Defendants have not made any showing why the remedies available through the current protective order are insufficient to protect them.  Finally, to the extent Defendants are concerned about information sought from third parties through subpoenas, Defendants' concerns can be addressed directly in the forums where the subpoenas were issued.  For these reasons, the Court **DENIES** Defendants' request to modify the protective order.

**IT IS SO ORDERED.**

DATED:  March 14, 2008

_____
Hon. Nita L. Stormes
U.S. Magistrate Judge