1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10

11
| | |
|---|---|
| GEORGE A. BROOKS; BROOKS INDUSTRIES, INC., ) ) ) | Civil No. 07cv773 BTM (NLS) |

GEORGE A. BROOKS; BROOKS
INDUSTRIES, INC.,              )    Civil No. 07cv773 BTM (NLS)
                              )
                              )    **ORDER:**
              Plaintiff,       )
                              )
v.                            )    **(1) GRANTING PLAINTIFFS' THIRD**
                              )    **MOTION TO COMPEL AND DENYING**
                              )    **WITHOUT PREJUDICE REQUEST**
MOTSENBOCKER ADVANCED         )    **FOR SANCTIONS [Doc. No. 57];**
DEVELOPMENTS, INC.; GREGG A.  )
MOTSENBOCKER; SKIP A.         )    **(2) DENYING WITHOUT PREJUDICE**
MOTSENBOCKER,                 )    **PLAINTIFFS' MOTION TO EXTEND**
                              )    **LENGTH OF DEPOSITION; and [Doc.**
              Defendants.      )    **No. 68]**
                              )

**(3) GRANTING DEFENDANTS' EX
PARTE APPLICATION TO ENTER
PROTECTIVE ORDER TO POSTPONE
DEPOSITION [Doc. No. 75]; and**

**(4) DENYING WITHOUT PREJUDICE
PLAINTIFFS' MOTION FOR LEAVE
TO TAKE 19 DEPOSITIONS [Doc. No.
78].**

    George Brooks and Brooks Industries, Inc. (Plaintiffs) filed their third motion to compel

Motsenbocker Advanced Developments, Inc. (MAD), Gregg Motsenbocker and Skip Motsenbocker

(collectively, Defendants) to provide responses to certain requests for production (RFPs) and

interrogatories. [Doc. No. 57.]  Plaintiffs also request sanctions.  Defendants oppose, arguing that they

already responded to the requested discovery.  Plaintiffs filed a reply.  The Court did not hold oral

argument on the April 24, 2008 hearing date and took the matter under submission.

1

On April 24, 2008, Defendants filed an ex parte application to file a sur-reply to Plaintiffs' reply brief. [Doc. No. 70.] The Court granted the request and accepted the sur-reply.  On April 28, Plaintiffs filed an ex parte application to file a rebuttal to the sur-reply. [Doc. No. 73.] The Court accepted the rebuttal and ordered that no other briefs be filed in support of or in opposition to the motion to compel.

Meanwhile, on April 23, Plaintiffs filed a motion to extend the length of time to take the deposition of Gregg Motsenbocker. [Doc. No. 68.] Plaintiffs simultaneously filed an ex parte application for an order shortening time for the Court to hear the Motsenbocker deposition motion.  The Court granted that request, ordered an opposition, and stated it would take the matter under submission without allowing a reply brief or holding oral argument.  On April 30 Defendants filed an opposition to the motion.  Defendants also filed a separate ex parte application for a protective order to postpone the deposition of Skip Motsenbocker noticed for May 6, 2008. [Doc. No. 75.] Plaintiffs filed an opposition to that ex parte application on May 2, 2008.

Finally, Plaintiffs filed a motion for leave to take more than 10 depositions. [Doc. No. 78.] They also filed an ex parte application request for an order shortening time.  The Court granted that request. Defendants filed their opposition on May 7, 2008.

For the following reasons, the Court **GRANTS** Plaintiffs' motion to compel and **DENIES without prejudice** their request for sanctions, **DENIES without prejudice** Plaintiffs' motion to extend the length of the deposition, **GRANTS** Defendants' ex parte application for a protective order and **DENIES without prejudice** Plaintiffs' motion for leave to take 19 depositions.

## RELEVANT FACTS.

**Previous Discovery Orders.**

In April 2007, Plaintiffs sued Defendants in this Court for breach of contract, fraud and related claims based on the parties' alleged oral agreement regarding a liquid remover used for refinishing surfaces covered by paint and paint-like coverings.  Plaintiffs allege that Defendants breached the contract by not paying commissions on sales of the liquid remover.

After the parties exchanged initial disclosures, Plaintiffs moved to compel Defendants to provide supplemental initial disclosures.  On October 29, 2007 this Court denied that request in part, but ordered Defendants to disclose any information of which they were already aware by November 7, 2007.

1   Defendants did not provide any supplemental disclosure information.

2          On November 28, 2007 Plaintiffs again moved to compel Defendants to provide responses to

3   certain discovery requests, including discovery requests identical to what Defendants provided in their

4   initial disclosures.  Plaintiffs also moved for a protective order.  The Court granted in part and denied in

5   part the motion to compel, and subsequently entered Plaintiffs' proposed protective order.  The Court

6   also extended dates in the scheduling order.

7          Meanwhile, Defendants filed a motion for summary judgment in this case.  That motion is

8   currently pending before Judge Moskowitz.  In light of that motion, on February 11, 2008 Defendants

9   filed a motion to stay and/or bifurcate discovery pending the summary judgment ruling, and also sought

10  an additional protective order.  This Court denied the motion without prejudice because entering a stay

11  on discovery would have required this Court to consider the merits of the summary judgment motion,

12  which it does not have authority to do.  It also denied Defendants' request for an additional protective

13  order.

14         Five days after the Court's ruling on the motion to stay, Plaintiffs filed their third motion to

15  compel the production of documents and to impose sanctions.  Apparently after Plaintiffs filed their

16  motion, Defendants produced some additional documents.

17         Plaintiffs have filed a motion to continue the dates in the scheduling order for a second time.

18  The Court will address that application by a separate order.

19  **Parallel Litigation.**

20         Plaintiffs filed the original lawsuit for this matter in Maryland in April 2006.  The Maryland

21  action was dismissed for lack of personal jurisdiction.  The dismissal was appealed, and the appellate

22  court remanded the case to conduct a discovery hearing on the issue of personal jurisdiction.  The

23  Maryland District Court transferred the action to the Southern District of California on February 27,

24  2008 [Case No. 08cv378].  That action was low-numbered, and as of May 7, 2008, is before Judge

25  Moskowitz and Judge Stormes.  No answer has been filed in that matter.  Apparently no discovery has

26  been conducted in that matter.

27  / / /

28  / / /

<u>DISCUSSION</u>

**I.      Motion to Compel: Requests for Production of Documents (RFPs) to MAD.**

The Court has reviewed all the filings in support of and in opposition to this motion. Essentially, Plaintiffs argue that Defendants have not produced all responsive documents and have misrepresented to the Court that they did, in fact, produce all relevant documents.  Defendants contend that they have produced all responsive documents or have included them on a privilege log.  Based on the moving and opposing papers submitted, it is unclear whether Defendants have indeed produced all responsive documents, and what, if any, RFPs remain in dispute.

Accordingly, the Court **GRANTS** Plaintiffs' motion to compel certain discovery responses.  No later than ***10 days after Judge Moskowitz's summary judgment ruling***, ***Gregg Motsenbocker*** shall file and serve a declaration under oath stating either (1) that (a) all documents "regarding any nonprivileged matter that is relevant to any party's claim or defense" have either been produced to Plaintiffs or have been included on an adequate privilege log that has been provided to Plaintiffs, and (b) the date the documents were produced in response to the specific discovery request; or (2) that Defendants will produce all documents "regarding any nonprivileged matter that is relevant to any party's claim or defense" within 10 days.

Federal Rule of Civil Procedure 37(a)(5)(A) states that if a Court grants a motion to compel, it must award "reasonable expenses incurred in making the motion, including attorney's fees." The Court need not award sanctions if "the opposing party's nondisclosure, response, or objection was substantially justified; or other circumstances make an award of expenses unjust."  Fed. R. Civ. Proc. 37(a)(5)(A)(ii), (iii).  Here, while the Court is granting Plaintiffs' motion, it is unclear whether Defendants have already complied with the discovery requests.  Therefore, the Court **DENIES without prejudice** Plaintiffs' request for sanctions, as such a determination will depend on Defendants' soon-to-be-filed declaration.

**II.     Deposition of Gregg Motsenbocker.**

Plaintiffs seek leave to extend the time of Gregg Motsenbocker's deposition from 1 day for 7 hours, as permitted by Federal Rule of Civil Procedure 30(d)(1), to 2.5 days for 17.5 hours.  They say they need the additional time because Plaintiffs must explore the eight-year business relationship

between George Brooks and Gregg Motsenbocker.  Plaintiffs also say that given Defendants' objections and refusals to produce discovery requests, they will need many hours of deposition time to inquire about the location of records.  Defendants object, saying that a 17.5 hour deposition would be sheer harassment because the deposition should last no longer than 3 hours and Plaintiffs cannot establish good cause.

The Advisory Committee Notes, 2000 Amendment, to Rule 30(d)(1) advise:

> Paragraph (2) imposes a presumptive durational limitation of one day of seven hours for any deposition. . . . The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order.
> . . . [C]ourts asked to order an extension [] might consider a variety of facts. . . . If the examination will cover events occurring over a long period of time, . . . the witness will be questioned about numerous or lengthy documents, . . . [or i]f the examination reveals that documents have been requested but not produced [good cause may exist to lengthen the time allowed for the deposition.]

Plaintiffs submit that the eight-year period is a long period of time to cover in 7 hours of deposition testimony.  They also anticipate the examination will reveal that certain documents requested have not been produced.  While these factors may amount to good cause, the Court finds Plaintiffs' request premature.  While there is no complete record before the Court at this time (because the deposition has not yet started), the Court makes these preliminary findings: (1) eight years is not a period of time so long as to–on its own–warrant an extended period of questioning; and (2) Defendants represent they have produced all relevant discovery in this matter.

The Court, therefore, **DENIES without prejudice** Plaintiffs' motion to extend the time to take Gregg Motsenbocker's deposition.  If the issue should arise at the end of the first day of deposition that Plaintiffs need more time to depose Gregg Motsenbocker, the parties shall come to a mutual agreement about how to extend the length of the deposition.  If the parties agree to lengthen the time of the deposition, the deposition shall continue in light of these Court-ordered parameters: (1) the deposition shall occur no later than the following business day, so as to save the parties time and expense; and (2) in no event shall a lengthened deposition last for any more than an additional 3.5 hours, or for a total deposition time of 10.5 hours.  If, after the conclusion of the first 7 hours of deposition, Plaintiffs seek to continue the deposition for up to an additional 3.5 hours, Defendants refuse to agree to the extension,

Plaintiffs seek leave to depose Gregg Motsenbocker for an additional time up to 3.5 hours and the Court grants that leave, Defendants shall be responsible to pay for all expenses related to the additional hours necessary to depose Gregg Motsenbocker, including all Plaintiffs' legal fees and costs associated with the motion to compel and the additional hours of deposition.

**III.    Deposition of Skip Motsenbocker.**

Defendants ask that this Court issue a protective order to postpone the May 6, 2008 deposition of Skip Motsenbocker.  Plaintiffs unilaterally set that deposition without consulting Defendants' counsel as to availability.  Webb Decl. ¶ 1.  The parties have met and conferred regarding the facts that Skip Motsenbocker no longer lives in San Diego, lives and works for another employer in Missouri, and is unavailable the week of May 6, 2008 for a deposition.  Webb Decl. ¶ 2.  The parties have not been able to agree to a date to hold the deposition before the May 30, 2008 discovery cutoff.

Plaintiffs filed an opposition stating that they agree to postpone Skip Motsenbocker's deposition until June 19, 2008.  Given the parties' agreement, the Court **GRANTS** Defendants' request for a protective order to postpone the deposition of Skip Motsenbocker noticed for May 6, 2008.   Skip Motsenbocker's deposition shall take place on ***June 19, 2008***.

**IV.    Plaintiffs' Motion for Leave to Take 9 Additional Depositions.**

Plaintiffs seek leave to take 19 depositions, or 9 depositions in excess of what is allowed under Federal Rule of Civil Procedure 30.          The Advisory Committee Notes, 1993 Amendment, to Rule 30(a)(2)(A) note:

> A second objective [of this rule] is to emphasize that counsel have a professional obligation to develop a mutual cost-effective plan for discovery in the base.  Leave to take additional depositions should be granted when consistent with the principles of Rule 26(b)(2), and in some cases the ten-per-side limit should be reduced in accordance with those same principles.

Here, Plaintiffs have not presented good cause at this time for leave to take more than 10 depositions.  First, Plaintiffs bring this motion 3 weeks before the discovery cutoff, and before they have taken any depositions.  Plaintiffs knew of these proposed deponents when they named them in their initial disclosures.  Second, because they have not yet taken any depositions, Plaintiffs cannot make a particularized showing for why the additional depositions are necessary.  Based on the record before it,

the Court cannot determine that the issues in this case merit an increase in the limit of permitted depositions.  Therefore, the Court **DENIES without prejudice** Plaintiffs' motion for additional depositions.

<u>CONCLUSION</u>

For the reasons stated in this Order, the Court:

(1)    **GRANTS** Plaintiffs' motion to compel and **DENIES without prejudice** their request for sanctions;

(2)    **DENIES without prejudice** Plaintiffs' motion to extend the time to take Gregg Motsenbocker's deposition, but if the issue arises again **ORDERS** the parties to come to a mutual agreement per the procedure outlined in section II of this Order;

(3)    **GRANTS** Defendants' request for a protective order to postpone the deposition of Skip Motsenbocker, so that the deposition shall take place on ***June 19, 2008***; and

(4)    **DENIES without prejudice** Plaintiffs' Motion for Leave to Take 19 Depositions.

**IT IS SO ORDERED.**

DATED:  May 9, 2008

Hon. Nita L. Stormes
U.S. Magistrate Judge

07cv773 BTM (NLS)