# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE A. BROOKS, ET AL.,<br><br>            Plaintiff,<br><br>     vs.<br><br>MOTSENBOCKER ADVANCED DEVELOPMENTS, INC., ET AL.,<br><br>            Defendants. | CASE NO. 07cv0773 BTM (NLS)<br><br>**ORDER OVERRULING IN PART RULE 72(a) OBJECTIONS AND SETTING ORAL ARGUMENT ON REMAINING ISSUES** |

Plaintiffs have filed objections to the Magistrate Judge's orders filed on May 9, 2008 and May 19, 2008. Plaintiffs object to (1) the Magistrate Judge's rulings regarding Plaintiffs' third motion to compel the production of documents; (2) the Magistrate Judge's denial without prejudice of Plaintiffs' motion to extend the time to take Gregg Motsenbocker's deposition; (3) the Magistrate Judge's denial without prejudice of Plaintiffs' motion for leave to take nine additional depositions; and (4) the Magistrate Judge's denial without prejudice of Plaintiffs' motion to extend the discovery deadline.

When considering objections to a magistrate judge's non-dispositive discovery order under Fed. R. Civ. P. 72(a), the district judge must modify or set aside any part of the order "that is clearly erroneous or is contrary to law." The "clearly erroneous" standard applies to the magistrate judge's factual determinations and discretionary decisions. Computer Economics, Inc. v. Gartner Group, Inc., 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999). The

"contrary to law" standard applies to a magistrate judge's purely legal determinations. Id.

The Magistrate Judge acted within her discretion in denying without prejudice Plaintiffs' motion to extend the time to take Gregg Motsenbocker's deposition. The Magistrate Judge ruled that based on the information before her she did not see a need for an additional day of deposition, but provided that the parties could agree to extend the deposition for an additional 3.5 hours. Apparently, Plaintiffs used the additional 3.5 hours and deposed Gregg Motsenbocker for a total of 10.5 hours. Plaintiffs state that they have completed about 85% of their questioning but need additional time to ask questions regarding records that are the subject of the pending motions. The Magistrate Judge did not prohibit Plaintiffs from making any further motions for additional time supported by good cause (such as newly produced documents). Therefore, Plaintiffs may apply to the Magistrate Judge for additional time if Plaintiffs feel that the relief is warranted.

The Magistrate Judge also acted within her discretion in denying without prejudice Plaintiffs' request to take a total of nineteen depositions. At the time Plaintiffs made the request, Plaintiffs had not taken any depositions even though the discovery cutoff was in three weeks. The Magistrate Judge had cause to be dubious about Plaintiffs' intent to take nineteen depositions. It appears that Plaintiffs have now completed or are in the process of completing a number of depositions. If, after the completion of ten depositions, Plaintiffs still believe the additional depositions are necessary, Plaintiffs may renew their request before the Magistrate Judge. If Plaintiffs renew their request, for each additional witness, Plaintiffs must specify what information they expect to obtain, why the information cannot be obtained by other methods, and why the information is not cumulative and is pertinent to Plaintiffs' claims.

Similarly, the Magistrate Judge did not abuse her discretion in denying with prejudice Plaintiffs' application to extend the scheduling order dates. Again, at the time Plaintiffs made the request, only three weeks remained before the discovery cut-off and Plaintiffs had not yet taken a single deposition. Now that depositions have taken place and Plaintiffs are pressing forward with discovery in earnest, the Magistrate Judge may be more receptive to

an application to extend the scheduling order dates. Furthermore, this Court may extend the discovery cut-off date, depending on the resolution of Plaintiffs' objections regarding the Magistrate Judge's ruling on the motion to compel.

With respect to the motion to compel, the Court will entertain oral argument regarding the requests still in dispute. The hearing is set for **August 26, 2008 at 4:00 p.m.**

**IT IS SO ORDERED.**

DATED: August 1, 2008

_____
Honorable Barry Ted Moskowitz
United States District Judge