# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE A. BROOKS; BROOKS INDUSTRIES, INC., <br><br> Plaintiff, <br> v. <br><br> MOTSENBOCKER ADVANCED DEVELOPMENTS, INC.; GREGG A. MOTSENBOCKER; SKIP A. MOTSENBOCKER, <br><br> Defendants. | Civil No. 07cv773 BTM (NLS) <br><br> **ORDER:** <br><br> **(1) GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS; and** <br><br> **(2) VACATING MANDATORY SETTLEMENT CONFERENCE.** <br><br> [Doc. No. 125] |

George Brooks and Brooks Industries, Inc. (Plaintiffs) filed a renewed motion for leave to take additional depositions. Motsenbocker Advanced Developments, Inc. (MAD), Gregg Motsenbocker and Skip Motsenbocker (collectively, Defendants) oppose. This Court has considered all the parties' arguments, and **GRANTS in part** and **DENIES in part** Plaintiffs' motion.

**Propriety of Plaintiffs' Motion.**

Plaintiffs filed their original motion for leave to take additional depositions on May 2, 2008. The Court heard that motion on an expedited basis. The Court denied Plaintiffs' motion without prejudice because Plaintiffs failed to provide good cause for the relief:

> First, Plaintiffs bring this motion 3 weeks before the discovery cutoff, and before they have taken any depositions. Plaintiffs knew of these proposed deponents when they named them in their initial disclosures. Second, because they have not yet taken any depositions, Plaintiffs cannot make a particularized showing for why the additional depositions are necessary. Based on the record before it, the Court cannot determine that the issues in

this case merit an increase in the limit of permitted depositions. May 9 Order, pp.6-7. Plaintiffs filed Rule 72(a) objections to the order.

On June 25, 2008 Judge Stormes held a discovery conference to address several other discovery issues. Following the conference Judge Stormes ordered that "no further discovery motions shall be filed without prior Court approval." June 26 Order, p.2.

On August 1, 2008, Judge Moskowitz issued an order overruling Plaintiffs' objections to Judge Stormes' discovery orders and setting oral argument on the remaining issues. While finding that Judge Stormes acted within her discretion to deny without prejudice Plaintiffs' motion to compel the additional depositions, Judge Moskowitz noted: "If, after completion of ten depositions, Plaintiffs still believe the additional depositions are necessary, Plaintiffs may renew their request before the Magistrate Judge." Aug. 1 Order, p.2. Judge Moskowitz set forth these guidelines for such a renewed motion:

> If Plaintiffs renew their request, ***for each additional witness***, Plaintiffs must specify ***what information*** they expect to obtain, ***why the information cannot be obtained by other methods***, and ***why the information is not cumulative and is pertinent*** to Plaintiffs' claims.

Aug. 1 Order, p.2 (emphasis added).

Given Judge Moskowitz's statement that Plaintiffs could renew with Judge Stormes their motion to compel the additional depositions, Plaintiffs' motion is properly before this Court.

**Discussion.**

Plaintiffs state that circumstances have changed so that they can renew their motion for leave to conduct additional depositions. They have now completed ten depositions and argue that Judge Moskowitz has reopened discovery. They seek the nine additional depositions to show that an agreement existed between Brooks and MAD and the terms of that agreement. In addition to the nine full depositions, Plaintiffs also seek to conduct several telephone depositions of third parties so that they can authenticate various documents needed for trial.

Plaintiffs individually address each proposed deponent and why they need to depose that person. For all the proposed deponents, they argue: (1) the discovery is not cumulative because each witness will testify to different statements and actions by the Motsenbockers; (2) the testimony is all eyewitness testimony so cannot be obtained from other sources; (3) because all but one of the witnesses lives more

than 100 miles from San Diego, Plaintiffs have no other means to obtain the testimony; and (4) the benefits of obtaining this testimony is great given the large amount of money at stake and because Plaintiffs are relying on circumstantial evidence to prove the existence and terms of the agreement with MAD. Ps&As, pp.9-10. Plaintiffs also represent that "several other key witnesses" will travel to San Diego to testify at trial. Ps&As, p.6.

This Court examines each proposed deponent separately.

**1.    Vickie Maisoneuve, Maryland.**

Plaintiffs expect Maisoneuve to testify she transported and accompanied Brooks on the initial trips he took to promote the stripper product. She also was present for many telephone conversations between Brooks and Defendants.

The Court finds this testimony would be cumulative. Brooks himself can testify to the trips he took and to the conversations he had with Defendants. Maisoneuve would not add any additional information. Further, because she was in Brooks' presence during his telephone conversations rather than in Defendants' presence, she herself cannot testify directly as to what the Motsenbockers said during those conversations. Plaintiffs' request for leave to depose Maisoneuve is **DENIED**.

**2.    Theresa Poney, Maryland.**

Plaintiffs expect Theresa Poney to testify that Brooks stayed with her and her husband for considerable periods of time while he was working on Defendants' behalf. She was present for many telephone conversations between Brooks and Defendants. She witnessed Brooks spend many hours experiment, promote and develop the product.

The Court finds this testimony would be cumulative. Brooks himself can testify to the hours he spent experimenting, promoting and developing the product. Theresa Poney would not add any additional information. Further, because she was in Brooks' presence during his telephone conversations rather than in Defendants' presence, she herself cannot testify directly as to what the Motsenbockers said during those conversations. Plaintiffs' request for leave to depose Theresa Poney is **DENIED**.

**3.    Patrick Poney, Maryland.**

Plaintiffs expect Patrick Poney to testify that Brooks trained him on the use of the products and

how to demonstrate the products to potential buyers, and that he used and demonstrated the products at Brooks' direction. He will also testify to other aspects of Brooks' development and promotional efforts and to the relationship and conversations between Brooks and Defendants.

Again, Plaintiffs fail to identify why this testimony is not cumulative to Brooks' testimony. Further, they do not represent that Patrick Poney witnessed in-person the conversations between Brooks and Defendants so that he has first-hand knowledge of Defendants' statements. Plaintiffs' request for leave to depose Patrick Poney is **DENIED**.

### 4. Robert Palimino, Illinois.

Plaintiffs expect Palimino to testify that he is a long-time employee of Lee Quigley Company, a metal refinishing company, and that he has many years experience as a metal refinisher. He will testify as to the nature of the refinishing business, developments Brooks made in the industry, Brooks' promotional efforts on the products, and statements Skip Motsenbocker made indicating MAD's product labeled "Paint & Varnish Remover" is the same product that Brooks developed and promoted.

The Court finds Palimino may provide eyewitness testimony that appears non-cumulative and is pertinent to Plaintiffs' claims. He can testify, based on first-hand knoweldge, to statements Skip Motsenbocker made. Palimino resides outside of the Court's subpoena power. Plaintiffs' request for leave to depose Palimino is **GRANTED**.

### 5. Jeanette Jordan, California.

Plaintiffs believe that Jordan, a former MAD employee, has detailed knowledge of the relationship and agreement between Brooks and MAD. They expect her to testify to statements Defendants made about the agreement with Brooks. Jordan has declined to speak with Plaintiffs' counsel thus far.

The Court finds Jordan may provide eyewitness testimony that appears non-cumulative and is pertinent to Plaintiffs' claims and Defendants' defenses. She can testify, based on first-hand knoweldge, to statements Defendants made. While she is apparently within the Court's subpoena power for trial, this Court finds that it may be beneficial to both parties to have her deposed before trial so as to discovery any pertinent information she may be able to provide. Plaintiffs' request for leave to depose Jordan is **GRANTED**.

**6. Dale Donat, Missouri.**

Plaintiffs expect that Donat, an employee of Mid-America Metal, will testify that Brooks demonstrated the products to Mid-America Metal, trained the employees and encouraged the company to purchase the product. Plaintiffs represent the testimony is crucial to rebut Defendants' representations that Brooks was not trying to sell the products, but rather, was trying to promote his own metal refinishing business.

Donat's testimony appears to be non-cumulative and pertinent to Plaintiffs' claims. Plaintiffs' request for leave to depose Donat is **GRANTED**.

**7. Timothy Flavin, Florida, or, a former Home Depot buyer named Tony.**

Plaintiffs expect that either Flavin or Tony will testify he was a buyer for Home Depot who met with Defendants in 2004. Either one will testify the Defendants used the demonstration and promotional materials Brooks had developed.

Flavin's or Tony's testimony appears to be non-cumulative and pertinent to Plaintiffs' claims. Plaintiffs' request for leave to depose either Flavin or Tony is **GRANTED**.

**8. Home Depot employee, Atlanta, Georgia.**

If neither Flavin or Tony are available, Plaintiffs would like to call a current Home Depot employee who could testify that Home Depot would not purchase a product, such as Paint & Varnish Remover, without first seeing testimonials. This would contradict Gregg Motsenbocker's testimony that when Home Depot decided to purchase the Paint & Varnish Remover it had not seen testimonials and other promotional materials.

The Court finds that the information sought here is not compelling enough to warrant a deposition of a current Home Depot employee buyer. While testifying as to Home Depot's general buying practices would contrast, to some extent, Gregg Motsenbocker's testimony, the information sought is too attenuated to be pertinent to Plaintiffs' claims. Plaintiffs' request for leave to depose a current Home Depot employee if Flavin or Tony is unavailable is **DENIED**.

**9. MAD's Person with Knowledge of the computer system under Rule 30(b)(6).**

Plaintiffs had requested information regarding Defendants' computer systems in interrogatories. Defendants did not provide any specific information about their computer systems in their responses.

1  Plaintiffs argue that if a deposition of Defendants' computer expert is not allowed, Plaintiffs will be
2  forced to spend an inordinate amount of money conducting the electronic discovery and then filing a
3  motion to recover such expenses.
4      At the August 26 hearing, Judge Moskowitz alluded to later allowing Plaintiffs leave to serve a
5  request for production of documents that would include electronic discovery. Transcript, 31:22-24.
6  This Court finds that Plaintiffs have already tried, without success, to obtain the information by other
7  methods. The information is not cumulative and is pertinent to Plaintiffs' claims. Further, allowing the
8  deposition would promote efficiency in this litigation. Plaintiffs' request for leave to depose MAD's
9  person with knowledge of the computer system under Rule 30(b)(6) is **GRANTED**.

         **10.     Telephone Depositions to Authenticate Documents.**

    Plaintiffs seek leave to conduct several telephone depositions to authenticate documents produced by third parties. They want to authenticate (1) Brooks' promotional materials that Defendants provided to several customers; (2) correspondence between Defendants and a customer; and (3) Defendants' telephone records.

    The Court finds there are other means available to authenticate these documents. For example, Plaintiffs could have the custodian of records certify that the copies produced are certified copies of business records. At trial, they could pose foundational questions to Brooks or the Motsenbockers so as to authenticate the documents. Because other means are available, Plaintiffs' request to conduct the telephone depositions is **DENIED**.

**Mandatory Settlement Conference.**

    The Court has reviewed the transcript of the August 26 hearing with Judge Moskowitz. To date, neither party has pointed out that Judge Moskowitz asked the parties to continue the MSC date until he holds his status conference in November. Transcript, p.36. Therefore, the Court **VACATES** the MSC currently set for October 6, 2008 and will reset it following Judge Moskowitz's status conference on November 24, 2008.

    **IT IS SO ORDERED.**

DATED: September 29, 2008

_____
Hon. Nita L. Stormes
U.S. Magistrate Judge