# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE A. BROOKS; BROOKS INDUSTRIES, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> MOTSENBOCKER ADVANCED DEVELOPMENTS, INC.; GREGG A. MOTSENBOCKER; SKIP A. MOTSENBOCKER, <br><br> Defendants. | CASE NO. 07cv0773 BTM(NLS) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR RECONSIDERATION; GRANTING PLAINTIFFS' MOTION FOR CONSOLIDATION; AND DENYING DEFENDANTS' MOTION FOR RECONSIDERATION** |

## I. INTRODUCTION

Plaintiffs and Defendants have filed cross-motions for reconsideration of the Court's July 21, 2008 Order Granting in Part and Denying in Part Motion for Summary Judgment ("Summary Judgment Order"). Plaintiffs have also filed a motion to consolidate this case with related case <u>Brooks v. Motsenbocker</u>, 08cv378 BTM(NLS). For the reasons discussed below, Plaintiffs' motion for reconsideration is **GRANTED IN PART** and **DENIED IN PART**, Plaintiffs' motion for consolidation is **GRANTED**, and Defendants' motion for reconsideration is **DENIED**.

## II. DISCUSSION

**A. Plaintiffs' Motion for Reconsideration**

    1. Independent Wholesale Representatives Contractual Relations Act of 1990

In the Court's Summary Judgment Order, the Court granted summary judgment in favor of Defendants on Plaintiffs' claim under California's Independent Wholesale Representatives Contractual Relations Act of 1990. The Court held that Plaintiffs did not qualify as "wholesale representatives" as defined by Cal. Civ. Code § 1738.12(e), because Plaintiffs made direct sales to the ultimate consumer. Plaintiffs argue that the Court's holding was erroneous.

In support of their position, Plaintiffs cite general legislative language regarding the need to protect wholesale sales representatives who spend many hours developing their territory in order to market their products. (Plaintiffs' Mem. of P. & A. at 5: 12-17.) However, this legislative history does not address the definition of a "wholesale sales representative."

Looking at the text of the statute itself, a "wholesale sales representative" is defined as "any person who contracts with a manufacturer, jobber, or distributor for the purpose of soliciting wholesale orders, is compensated, in whole or part, by commission, but shall not include one who places orders or purchases exclusively for his own account for resale *and shall not include one who sells or takes orders for the direct sale of products to the ultimate consumer.*" Cal. Civ. Code § 1738.12(e). Although one who places orders or purchases for his own account must do so *exclusively* to fall outside the definition of a "wholesale sales representative," there is no similar limitation on the exclusion of persons who sell or take orders for the direct sale of products to the ultimate consumer. Thus, under the plain meaning of the text, if a person makes direct sales of products to the ultimate consumer as part of his job, the person is not a "wholesale sales representative," even if he also solicits wholesale orders.

    Plaintiffs do not dispute that as sales representatives for the Product and Finish Coat,

they made direct sales of the products to the ultimate consumer.  Therefore, Plaintiffs do not meet the definition of a "wholesale sales representative," and their motion for reconsideration on this claim is denied.

2. Statute of Limitations

In the Court's Summary Judgment Order, the Court ruled that Plaintiffs' contract and quasi-contractual claims were barred by the applicable two-year statute of limitations (Cal. Civ. Proc. Code § 339) to the extent that Plaintiffs sought recovery for any time prior to *April 27, 2005* (two years prior to the date of the filing this action).  In their motion for reconsideration, Plaintiffs argue that the statute of limitations was equitably tolled by the filing of the Maryland action (Case No. 08cv378) on April 24, 2006.  Thus, Plaintiffs argue, the relevant period of recovery commences on *April 24, 2004*, two years prior to the filing of the Maryland action.

Although Plaintiffs did not actually raise this argument in opposition to the motion for summary judgment, Case No. 08cv378 was transferred to Judge Moskowitz pursuant to the low-number rule on May 7, 2008.  Therefore, the case was before the Court prior to the issuance of the Summary Judgment Order.

Plaintiffs are correct that the Maryland action, which involves the same parties and almost identical claims, equitably tolls the statute of limitations governing Plaintiffs' claims. Under California law, equitable tolling is appropriate where there is: (1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to defendant in gathering evidence to defend against the second claim; and, (3) good faith and reasonable conduct by the plaintiff in filing the second claim.  Collier v. City of Pasadena, 142 Cal. App. 3d 917, 924 (1983). Under the first requirement, the plaintiff must have filed the first claim within the statutory period, and, generally, the defendant in the first claim must be the same as the one being sued in the second.  Id.  The second requirement "translates to a requirement that the facts of the two claims be identical or at least so similar that the defendant's investigation of the first claim will put him in a position to fairly defend the second."  Id.  The third requirement

is less clearly defined but might preclude equitable tolling where the plaintiff deliberately delays filing the second claim or misleads the defendant into believing that the second claim will not be filed. Id. See also Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131 (2001) (providing overview of California's doctrine of equitable tolling and the Ninth Circuit's application of the doctrine).

The Maryland claims are almost identical to the claims in this case and involve the same defendants. Therefore, the Maryland action gave Defendants notice of the claims that were ultimately filed in this case, and Defendants cannot claim that they have been prejudiced. Furthermore, there is no indication that Plaintiffs acted in bad faith or with dilatory motive.

Accordingly, the doctrine of equitable tolling applies, and Plaintiffs may seek recovery for the period commencing *April 24, 2004*. The Summary Judgment Order shall be amended to conform with this order.

## B. Plaintiffs' Motion for Consolidation

Plaintiffs move to consolidate this case with Case No. 08cv378. Consolidation may be appropriate when actions before the court involve a "common question of law or fact." Fed. R. Civ. P. 42(a). This case and Case No. 08cv378 involve the same parties and almost identical claims. Defendants do not oppose consolidation. Therefore, the Court grants the Plaintiffs' motion for consolidation.

## C. Defendants' Motion for Reconsideration

### 1. Repudiation

Defendants argue that the undisputed evidence establishes that Motsenbocker Advanced Developments, Inc. ("MAD") completely repudiated the oral contract in 2001, and, therefore, Plaintiffs' claims are completely time-barred. The Court disagrees.

There is a triable issue regarding whether MAD repudiated the contract prior to May,

2005.  In arguing otherwise, Defendants misconstrue the following statement made by Brooks in his declaration in support of the motion for summary judgment:

> During the period between 1999 and May 2005, when I was told that Motsenbocker Developments would not be paying me any commissions, Brooks Industries entered into contracts for the performance of services in which the Product was used.

(Brooks Decl. ¶ 34.)  Defendants argue that Brooks concedes that the contract was repudiated starting in 1999 through May 2005.  However, reading the rest of Brooks' declaration, it is obvious that the phrase "when I was told that Motsenbocker Developments would not be paying me any commissions" modifies May 2005 only.  Brooks states that he promoted the Product at his own expense until Gregg refused to acknowledge the existence of the Agreement in 2005.  (Brooks Decl. ¶ 15.)  Brooks also states that as late as October or November 2004, Skip and Gregg assured Brooks that MAD would honor its contract with him. (Brooks Decl. ¶ 39.)  Brooks reiterates that in or about *May 2005*, MAD, through Gregg, told Brooks that MAD would not be paying him commission on the product.  (Brooks Decl. ¶ 40.)

There is a triable issue of fact regarding Defendants' claim that the contract was repudiated in 2001.  Therefore, Defendants' motion for reconsideration is denied on this point.

2. Installment Contract

In the Court's Summary Judgment Order, the Court explained that the contract between MAD and Brooks was an installment contract and that the statute of limitations runs from the date each payment was due.  Citing to inapposite cases, Defendants argue that the alleged breaches of contract are more akin to a continuing tort.  Defendants are incorrect.

///
///
///
///
///

As explained in Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co., 116 Cal. App. 4th 1375, 1388 (2004), "[W]here performance of contractual obligations is severed into intervals, as in installment contracts, the courts have found that an action attacking the performance for any particular interval must be brought within the period of limitations after the particular performance was due." Here, the purported agreement to pay commissions was an installment contract in nature. The alleged duty to pay a commission arose each time a sale of the Product or Finish Coat was made. The amount that was owed as commission was unascertainable until completion of the sale. Each payment that was owed "is separable from the others and is not part of a total payment." Conway v. Bughouse, Inc., 105 Cal. App. 3d 194, 199 (1980). Therefore, the contract should be considered an installment contract for purposes of determination of the application of the statute of limitations. Id.

### III. CONCLUSION

For the reasons discussed above, Plaintiffs' motion for reconsideration **[116]** is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs' motion is granted as to the Court's prior ruling regarding the statute of limitations on Plaintiffs' claims. The Court's Summary Judgment Order filed on July 21, 2008 is **AMENDED** as follows:

> Defendants' motion for summary judgment is **GRANTED** as to Counts I, II, and XII (breach of contract claims) in addition to Count V (promissory estoppel/detrimental reliance) to the extent that Plaintiffs seek to recover for breach of the contract that occurred **prior to April 24, 2004**. The motion is **GRANTED** as to Counts III (quantum meruit), IV (unjust enrichment), and X (accounting) to the extent that they seek relief based on benefits or services received by Defendants **prior to April 24, 2004**.

The remainder of the Summary Judgment Order shall remain unchanged.

Defendants' motion for reconsideration **[120]** is **DENIED**.

Plaintiffs' motion to consolidate this case and Case No. 08cv378 is **GRANTED**. Case Nos. 07cv773 and 08cv378 are hereby **CONSOLIDATED** for all pretrial proceedings. The

1 | caption page on all future filings shall contain all of the captions.  All future docketing will be
2 | done in Case No. 07cv773, which shall be the main file.
3 | **IT IS SO ORDERED.**
4 | DATED:  November 5, 2008

Honorable Barry Ted Moskowitz
United States District Judge