# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE A. BROOKS; BROOKS INDUSTRIES, INC., <br><br> Plaintiff, <br> v. <br><br> MOTSENBOCKER ADVANCED DEVELOPMENTS, INC.; GREGG A. MOTSENBOCKER; SKIP A. MOTSENBOCKER, <br><br> Defendants. | Civil No. 07cv773 MMA (NLS) <br> Consolidated with 08cv378 <br><br> **ORDER DENYING PLAINTIFFS' MOTION FOR SANCTIONS** <br><br> [Doc. No. 150] |

In this action, George Brooks and Brooks Industries, Inc. ("Plaintiffs") allege breach of contract and fraud by Motesenbocker Advanced Developments, Inc., Gregg Motsenbocker, and Skip Motsenbocker (collectively "Defendants"). Plaintiffs filed this Motion for Sanctions [Doc. No. 150] against Defendants for violating the Court's Order Granting in Part and Denying in Part Plaintiffs' Fourth Motion to Compel [Discovery] ("Order"). [Doc. No. 101.] Plaintiffs' Fourth Motion to Compel demanded that Defendants respond to the second set of Requests for Production ("RFPs") which seek documents relating to Defendants' ability to pay punitive damages. [Doc. No. 88.] Plaintiffs argue that Defendants did not comply with the Court's Order, which provides in relevant part: "Plaintiffs will suffer no prejudice in postponing the production of Defendants' financial information until after the ruling on the summary judgment motion, and only if the issue of punitive damages remains relevant."

1  [Order at 7:11-15.] Plaintiffs argue that the ruling on summary judgment did not eliminate the punitive
2  damages claims and that Defendants should be sanctioned for failing to respond to the RFPs. [Mot. for
3  Sanctions at 2.] Defendants oppose, arguing that Judge Moskowitz granted summary judgment on
4  Plaintiffs' intentional tort claim, making punitive damages no longer an issue. [Opp'n at 3.]
5  Additionally, Defendants oppose the Motion for Sanctions because Plaintiffs did not meet and confer in
6  good faith prior to requesting sanctions. [Opp'n at 2-3.] For the following reasons the Court **DENIES**
7  Plaintiffs' Motion for Sanctions.

8  Federal Rule of Civil Procedure 37 provides that the Court must not award sanctions if the
9  "opposing party's nondisclosure, response, or objection was substantially justified; or other
10 circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii). Civil Local
11 Rule 26.1 provides: "The court shall entertain no motion pursuant to Rules 26 through 37, Fed. R. Civ.
12 P., unless counsel shall have previously met and conferred concerning all disputed issues." Civ. L. R.
13 26.1(a).

14 Plaintiffs argue that several claims for which they seek punitive damages survived summary
15 judgment. [Mot. for Sanctions at 2.] Plaintiffs further argue that punitive damages are still an issue and
16 Defendants' refusal to respond to the RFPs warrant sanctions. [*Id.* at 5-6.] Defendants counter on the
17 basis that summary judgment was granted on Count VI—tort arising from breach of contract—and that
18 Plaintiffs' claims for fraud and breach of fiduciary duty are merely restatements of the tort arising from
19 breach of contract claim. [Opp'n at 5.] Accordingly, Defendants argue punitive damages are no longer
20 an issue.

21 Because the parties reasonably dispute whether discovery on punitive damages is still an issue,
22 Defendants' response was substantially justified and an award of sanctions would be unjust.
23 Furthermore, the Declaration of Patrick D. Webb submitted in opposition to Plaintiffs' Motion for
24 Sanctions, the correspondence between counsel attached as exhibits A and B to Defendants' Opposition;
25 as well as exhibit A to Plaintiffs' Motion for Sanctions, all indicate that Mr. Trevelline did not meet and
26 confer in good faith in accordance with Local Rule 26.1 before bringing the sanctions motion before the
27 ///
28 ///

Court.  [Opp'n, Exs. A & B; Mot. Sanctions Ex. A at 7-8.]  Therefore, even if Defendants' refusal to respond to the RFPs was unjustified, the Court could not entertain Plaintiffs' Motion for Sanctions.[1]

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Sanctions is **DENIED**.

DATED: February 18, 2009

Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court

---

[1] On January 5, 2009, the Hon. Michael M. Anello ordered discovery in this case closed. [Doc. No. 154.] Judge Anello denied Plaintiffs' motion for reconsideration of that order on January 16, 2009. [Doc. No. 157.] On February 17, 2009, this Court issued a Second Amended Scheduling Order setting a Final Pretrial Conference date of June 26, 2009, and a jury trial for July 27, 2009.  [Doc. No. 167.] Whether punitive damages remain an issue in this case following Judge Moskowitz's earlier summary judgment ruling is a matter now properly before Judge Anello.